# EXHIBIT 1

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made by and between Matthew L. Kurzweg and the Kurzweg Law Offices, and C. Allen Black, Jr. and the Law Office of C. Allen Black, Jr. on behalf of all of their Fabry patient clients and their spouses, as well as the heirs, executors, administrators and assigns of each of them (collectively the "Plaintiffs"), and Genzyme Corporation, as well as its past, present, and future agents, officers, directors, servants, employees, assigns, parent corporations, subsidiaries, divisions, affiliates, suppliers, manufacturers, shareholders, predecessors, successors, insurers, and persons, corporations, representatives, or other entities that acted on their behalf (collectively, "Genzyme"). The Plaintiffs and Genzyme are collectively referred to herein as the "Parties."

WHEREAS, some of the Plaintiffs filed lawsuits against Genzyme in 2011 and 2013, which lawsuits were eventually consolidated in the United States District Court for the District of Massachusetts (collectively, "Lawsuits");

WHEREAS, the Lawsuits were was initially dismissed by the United States District Court for the District of Massachusetts, which dismissal was later deemed to be without prejudice by the United States Court of Appeals for the First Circuit;

WHEREAS, the Parties participated in a mediation of their pending and potential claims on February 28, 2017, and, having reached an agreement in principle subject to certain conditions in the course of that mediation, are working towards finalizing documentation giving effect to that agreement in principle;

WHEREAS, the Parties desire to provide for additional time to allow them to complete the process of finalizing documentation giving effect to that agreement in principle;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is acknowledged, and in order to facilitate the orderly settlement and resolution of the Plaintiffs' claims, and with the intent to be legally bound, the Parties agree as follows:

1. Any applicable statutes of limitations pertaining to any matters asserted in the Lawsuits shall be tolled during the term of this Agreement beginning on the effective date specified in Paragraph 2 below, and Genzyme agrees that it will not assert any defense of statute of limitations, laches or any similar defense based upon the passage of time during the term of this Agreement against the Plaintiffs or members of the putative class alleged in the Lawsuits, based upon claims asserted in the Lawsuits. Notwithstanding the foregoing, Genzyme does not waive and expressly reserves the right to assert any such defense based upon the passage of time prior to the effective date of this Agreement or the passage of time after the termination of this Agreement. Genzyme expressly reserves any and all rights it may have to enforce the settlement terms reflected in the agreement in principle between the Parties, and Plaintiffs expressly reserve any and all defenses they may have to any such enforcement action, and nothing in the settlement agreement is intended to or does prejudice any such rights or defenses.

2. Any party may terminate this Agreement by providing the other parties with thirty (30) days written notice ("Notice") to that effect. Such Notice shall be sent to the respective counsel listed below by overnight courier or personal delivery on the day said Notice is to take effect. The Notice shall be effective as of the date stated in the Notice, provided the Notice is delivered as provided in this paragraph.

3. The effective date of this Agreement shall be May 17, 2017.

4. The Parties represent and warrant that they have the authority to execute this Agreement on behalf of the individuals they purport to represent, and that the signature which

appears below binds each of them to the terms of this Agreement. The terms of this Agreement shall be binding and effective with respect to any successor in interest to any Party hereto.

5. This Agreement contains the full and complete Agreement of the Parties hereto relating to the subjects addressed herein, and may not be altered or amended except in writing by representatives of the Parties.

6. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but also which together will constitute one and the same document.

IN WITNESS WHEREOF, this Agreement has been executed by the undersigned.

For the PLAINTIFFS

By: Matthew L. Kurzweg
Kurzweg Law Offices
*Counsel for Plaintiffs*

Date: May 19, 2017

For GENZYME

By: Robert G. Jones
Ropes & Gray, LLP
*Counsel for Genzyme*

Date: 5/19/17